E. Alex Beroukhim (SBN 220722)
alex.beroukhim@arnoldporter.com
Leah Motzkin (SBN 352327)
leah.motzkin@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000 / Facsimile: (213) 243-4199

Baruch Weiss (*pro hac vice* forthcoming)
baruch.weiss@arnoldporter.com
Dana Kagan McGinley (SBN 323842)
dana.kaganmcginley@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5000 / Facsimile: (202) 942-5999
**[*ADDITIONAL COUNSEL ON NEXT PAGE*]**

Attorneys for Defendants JEWISH FEDERATION-COUNCIL OF GREATER LOS ANGELES and DANIEL TODD GRYCZMAN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

NORTON SIMON MUSEUM OF ART AT PASADENA, a California nonprofit public benefit corporation; et al.,

Plaintiffs,

v.

JEWISH FEDERATION-COUNCIL OF GREATER LOS ANGELES, a California nonprofit public benefit corporation; et al.,

Defendants.

Case No. 2:26-cv-11995

**DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASES**

[L.R. 83-1.3.3]

Judge: [None yet assigned.]

***CONTINUATION OF DEFENDANTS' COUNSEL FROM PREVIOUS PAGE:***

Leora Einleger (*pro hac vice* forthcoming)
leora.einleger@arnoldporter.com
Seth Snyder (*pro hac vice* forthcoming)
seth.snyder@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

## **Introduction**

Defendants Jewish Federation-Council of Greater Los Angeles and Daniel Todd Gryczman (together, the "Federation") object to the Notice of Related Cases (the "Notice"), Dkt. No. 5, filed by Plaintiffs Norton Simon Museum of Art at Pasadena, Norton Simon Art Foundation, and The Norton Simon Foundation (together, the "Museum"). The Museum is seeking unusual relief to avoid routine adjudication as set forth by the Supreme Court. Further, the actions that the Museum seeks to relate this case to were closed more than seven years ago. The current version of Local Rule 83-1.3.1, unlike its predecessor, does not extend relation to cases that were merely "previously filed," and the efficiencies that could be gained if two similar cases that were concurrently pending were combined are simply not present. Even still, relatedness is discretionary, and none of the factors in Local Rule 83-1.3.1 is met here. Accordingly, the Federation respectfully requests that the Court exercise its discretion to allow this action to proceed in the ordinary course.

## **Background**

In 2007, the heir of Jewish art dealer Jacques Goudstikker filed suit to recover the diptych "Adam" and "Eve," looted by the Nazis from Goudstikker's gallery and currently in possession of the Museum (the "Cranachs"). *Von Saher v. Norton Simon Museum of Art at Pasadena*, No. 2:07-cv-2866-JFW-SS, ECF No. 1 (the "*von Saher* Action"); *Norton Simon Art Foundation v. von Saher*, No. 2:07-cv-2850-JFW-VBK (the "Declaratory Relief Action," and together, the "Prior Actions").

On August 9, 2016, applying Dutch law, this court held that "the Dutch State acquired ownership of the Cranachs . . . and thus that Norton Simon has 'good title' to the Cranachs." Order Granting Defs.' Mot. for Summ. J. at 17, *von Saher v. Norton Simon Museum of Art at Pasadena*, No. 2:07-cv-2866-JFW-SS, ECF No. 331 (C.D. Cal. Aug. 9, 2016). In 2018, the Ninth Circuit affirmed on different grounds. It held that this court was barred from questioning ownership of the Cranachs based on the act of state doctrine, which required deference to official acts of the Dutch government. *See*

Judgment, *von Saher v. Norton Simon Museum of Art at Pasadena*, No. 2:07-cv-2866-JFW-SS, ECF No. 333 (C.D. Cal. Aug. 15, 2016), *aff'd*, 897 F.3d 1141, 1143 (9th Cir. 2018), *cert. denied*, 587 U.S. 1014 (2019).

Five years after the Supreme Court denied certiorari in the *von Saher* Action, the California Legislature made a deliberate decision to give victims of Nazi-era art theft a new path to recovery on the merits under California law, and not under procedural grounds, like act of state, or foreign law. Cal. Civ. Proc. Code § 338.2. The statute directs that California substantive law apply "[n]otwithstanding any other provision of law or prior judicial decision." *Id.* § 338.2(e). As relevant here, it also permits a claimant whose earlier case was dismissed on procedural grounds to bring a new action. *Id.* § 338.2(g). In other words, the California Legislature determined that these claims should be decided on their merits, not on procedural grounds, and under California law, not under foreign law.

The *von Saher* Action never reached the merits under California law (based instead exclusively on Dutch law), and the Ninth Circuit affirmed on procedural grounds (the act of state doctrine). *Von Saher v. Norton Simon Museum of Art at Pasadena*, 897 F.3d 1141 (9th Cir. 2018)*; see D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1103 (9th Cir. 2024) (holding decisions on act of state grounds to be procedural), *cert. denied*, 145 S. Ct. 1478 (2025). The Federation's Section 338.2 action is thus exactly the type of case the California Legislature contemplated. The Museum now asks this Court to enjoin that action.

## <u>Argument</u>

### I. PLAINTIFFS ARE SEEKING UNUSUAL RELIEF WHICH THE SUPREME COURT HAS STATED SHOULD APPLY ONLY IN "STRICT AND NARROW" CIRCUMSTANCES

The Museum claims that it was "forced" to file this action, Compl. ¶ 1, because the Federation's Section 338.2 action is a "collateral attack on this Court's prior Judgment." Notice at 2. In reality, what the Museum calls a "collateral attack"

is simply an alleged res judicata and/or collateral estoppel defense. Read fairly, the Museum appears to suggest that as a presumption, new cases that defendants plan to challenge on preclusion grounds should be assigned to the first judge for decision on preclusion. That is flatly inconsistent with normal practice.

Ordinarily, if defendants believe an action is precluded due to a prior litigation, they bring a motion to dismiss in the second action. The Museum is departing from this norm. Instead, the Museum filed a separate All Writs Act action, contravened the Anti-Injunction Act, implicitly asks this Court to declare a California statute unconstitutional, and claims the case relates to cases closed over seven years ago. Compl. ¶¶ 48-51, 57; Notice at 1-2. The Museum appears to be doing all of this to forum shop, avoid the random assignment that would otherwise apply, and have the same judge who decided the Prior Actions decide the Federation's Section 338.2 lawsuit.

The Supreme Court has repeatedly made clear that when litigation is brought and defendants claim the lawsuit is precluded because of prior litigation, the issue of preclusion need not be decided by the judge from the prior action. The judge in the second action ordinarily decides preclusive effect. *Smith v. Bayer Corp.*, 564 U.S. 299, 306-07 (2011) (the relitigation exception to the Anti-Injunction Act must be applied with "special care to keep it 'strict and narrow.' After all, a court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.' Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court . . . ." (citations omitted)); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 478 (1998) (claim preclusion is an affirmative defense, "properly made in the state proceedings."); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33–34 (2002) (All Writs Act does not furnish removal jurisdiction). Thus, there is no substantive or procedural imperative to relate this case to the Prior Actions because, contrary to the Museum's construction,

the presumption is that the preclusive effect of the Prior Actions, if any, would and should be decided by the Superior Court.

## II. THE LOCAL RULES DO NOT JUSTIFY A FINDING OF RELATEDNESS IN THIS CASE

The Court has considerable discretion in deciding relatedness. Once a party objects, the judges assigned to the cases purportedly related decide whether they are related based on three stated factors, and "[a]bsent complete agreement by the judges . . . no low number transfer will occur." General Order 26-11 § II.J.1.b. The question is not whether a factor can be invoked, but whether relating this action would serve any purpose. As shown below, it would not.

### A. Relatedness Does Not Apply To Closed Cases.

The Prior Actions have been over for years. Judgment was entered in the *von Saher* Action on August 15, 2016 (the "Judgment"). Compl. Ex. A. The Ninth Circuit affirmed in 2018, and the Supreme Court denied certiorari more than seven years ago, on May 20, 2019. *Von Saher*, 587 U.S. 1014. The Declaratory Relief Action, which had been stayed pending the *von Saher* Action, was voluntarily dismissed without prejudice after certiorari was denied. Compl. ¶ 44; Notice at 1.

A prior version of Local Rule 83-1.3.1 required notice when a newly filed case related to a case "previously filed or currently pending." L.R. 83-1.3.1 (June 2014), https://www.cacd.uscourts.gov/sites/default/files/documents/2014%20June%20LRs%20Chap%201.pdf. The current rule no longer contains that language. *Compare id.*, *with* L.R. 83-1.3.1. That deletion should be given effect, not read back into the rule. *See, e.g.*, *INS v. Cardoza-Fonseca*, 480 U.S. 421, 442-43 (1987) ("Few principles of statutory construction are more compelling than the proposition that Congress does not intend *sub silentio* to enact statutory language that it has earlier discarded in favor of other language." (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 392-93 (1980) (Stewart, J., dissenting))). Other related-case rules that reach terminated cases do so expressly. *Cf.* E.D. Cal. L.R. 123(b) (reaching actions

"whether or not dismissed or otherwise terminated"); Cal. R. Ct. 3.300(a) (defining related cases to include cases "dismissed with or without prejudice" and cases "disposed of by judgment"). This conclusion comports with the absence of judicial efficiency created by relating a new action to a closed one, as addressed further below. *See infra* Section II.D.

**B. This Action Arises From Different Events.**

The Notice asserts that all the cases "arise from the same happenings and events, i.e., the transfers of title to the Cranachs." Notice at 2. But by the Museum's own account, the conduct it seeks to enjoin is the Federation's filing of the state action under Section 338.2, a statute the California Legislature enacted eight years after the Judgment. Compl. ¶¶ 4, 48-52. The transfers of the Cranachs in 1940, 1966, and 1971 are background. No court will need to revisit them to decide the questions below.

**C. This Action Presents Pure Questions Of Law That The Prior Actions Did Not Contemplate.**

The Prior Actions asked who held title to the Cranachs. This Court resolved that question on summary judgment as a matter of Dutch law, concluding that "the Dutch State acquired ownership . . . and thus that Norton Simon has 'good title' to the Cranachs." Order Granting Defs.' Mot. for Summ. J. at 17, *von Saher*, No. 2:07-cv-2866, ECF No. 331 (C.D. Cal. Aug. 9, 2016) (Compl. Ex. B). The Ninth Circuit affirmed on a different ground, the act of state doctrine, without conducting a choice-of-law analysis. *Von Saher*, 897 F.3d at 1149 & n.5. Those cases turned on what happened to the Cranachs between 1940 and 1971 and who owns them.

The Museum's sole claim here, by contrast, is for an injunction under the All Writs Act, 28 U.S.C. § 1651. Compl. ¶¶ 53-74, ECF. No. 1. It presents four different questions of law that have nothing to do with who holds title to the Cranachs: (1) whether federal or California preclusion principles bar a new action under Section 338.2(g) after a final federal judgment, *see id.* ¶¶ 57-68; (2) whether, because Section 338.2(g) expressly authorizes a new action where a prior one was dismissed on a

procedural basis, the Museum's theory requires the Court to hold, in substance, that the statute cannot constitutionally be applied, *see id.* ¶¶ 48-50; (3) whether the Anti-Injunction Act, 28 U.S.C. § 2283, permits an injunction against the California action, *see id.* ¶¶ 4, 54, 56; and (4) whether this Court has ancillary subject matter jurisdiction, *see id.* ¶¶ 1, 11-13.

None of these questions were presented in the Prior Actions.[1] Section 338.2 did not exist, and there was no state action to enjoin. The questions presented here turn principally on the pleadings, the Judgment, and the statute, not on the historical record. Nor does the Notice's label of "collateral attack," Notice at 2, make the questions the same. Whether the state action is precluded is the question this case presents, not one the Prior Actions decided. The Notice's reliance on "the same parties (or privies/assignees)," Notice at 2, does not change that analysis: whether the Federation stands in von Saher's shoes is itself one of the new questions this action presents, not a reason to relate it. That the actions concern the same two paintings does not make the questions the same any more than the involvement of the same patent, trademark, or copyright would. *See* L.R. 83-1.3.1.

**D. Relating This Action Would Not Avoid Any Duplication Of Labor.**

Relating cases ordinarily conserves judicial resources by placing active case management with a single judge. A case that concluded years ago does not implicate that concern. As explained in Section II.A, *supra*, the Judgment was entered in 2016 and this dispute only exists because Section 338.2 was enacted in 2024. No proceedings are pending before the prior judge to coordinate, no discovery to

[1] Notably, none of these questions turn on who owns the Cranachs. If the Museum prevails, the result is an order restraining Defendants from pursuing the state action. If the Federation prevails, the case ends without an injunction. Either way, this Court will not decide title.

consolidate, and no schedule to align. What remains is a closed record and published appellate decisions that are equally available to any judge.

Further, whichever judge ultimately presides will apply a different body of law to different questions, and familiarity with an inapplicable Dutch-law record compiled a decade ago would confer no meaningful efficiency in resolving them. Because those questions are new to every judge of this Court, each is equally well positioned to decide them. Assigning this action to the prior judge would therefore not lessen the burden on the Court. *See* L.R. 83-1.3.1(c).

## Conclusion

For the foregoing reasons, the Federation respectfully requests that the Court exercise its discretion to allow this action to proceed in the ordinary course.

Dated: October 21, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ E. Alex Beroukhim
E. Alex Beroukhim (SBN 220722)
alex.beroukhim@arnoldporter.com
Leah Motzkin (SBN 352327)
leah.motzkin@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Baruch Weiss (*pro hac vice* forthcoming)
baruch.weiss@arnoldporter.com
Dana Kagan McGinley (SBN 323842)
dana.kaganmcginley@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Leora Einleger (*pro hac vice* forthcoming)
leora.einleger@arnoldporter.com
Seth Snyder (*pro hac vice* forthcoming)
seth.snyder@arnoldporter.com
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

Attorneys for Defendants
JEWISH FEDERATION-COUNCIL OF GREATER LOS ANGELES and DANIEL TODD GRYCZMAN